**IN THE UNITED STATES DISTRICT COURT**
**for the NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| DR. QUINTON MORRIS, ) </br> ) </br> PLAINTIFF, ) </br> ) </br> vs. ) </br> ) </br> DEKALB COUNTY SCHOOL DISTRICT, ) </br> ) </br> DEFENDANT. ) | Case No. _____ </br></br> *Jury Trial Demanded* |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

COMES NOW Dr. Quinton Morris, Plaintiff in the above-styled matter, by and through his undersigned counsel, and files this, his Complaint for Employment Discrimination. In support of said Complaint, Plaintiff shows this Honorable Court as follows:

PARTIES AND JURISDICTION

1.

Plaintiff is a natural person residing in Gwinnett County, Georgia.

2.

Defendant Dekalb County School District is Dekalb County, Georgia's county-level school system.

3.

Defendant Dekalb County School District is comprised of approximately 138 schools, enrolls more than 100,000 students annually, and traditionally employs approximately 6,000 teachers and 14,000 full-time employees.

4.

Defendant Dekalb County School District maintains its principal offices at 1701 Mountain Industrial Boulevard, Stone Mountain GA 30083.

5.

Plaintiff brings this action for employment discrimination, retaliation, and sexual harassment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e.

6.

Plaintiff duly filled a Charge (No. 410-2022-02180) with the Equal Opportunity Commission on or about January 24, 2022.

7.

Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission on or about September 29, 2022.

8.

For the Court's convenience, Plaintiff's Notice of Right to Sue is attached hereto as "Exhibit A."

9.

This Complaint for Employment Discrimination is timely filed before the expiration of ninety (90) days following the issuance of Plaintiff's Notice of Right to Sue.

10.

Jurisdiction is proper in this Court.

## FACTS

11.

Plaintiff re-states and incorporates Paragraphs (1) through (10) above as if fully recited herein.

12.

Plaintiff is a light-skinned African American male.

13.

At all times relevant hereto, Plaintiff was an employee of Defendant.

14.

Specifically, at all times relevant hereto, Plaintiff worked as an Assistant Principal under Principal Margie Smith at Dekalb Alternative School.

15.

Both prior to and during Plaintiff's time as a direct report to Smith, Defendant received numerous complaints about Smith including but not limited to Smith bullying, harassing, and retaliating against Smith's subordinates.

16.

Despite these complaints, Defendant allowed Smith to obtain and continue in leadership positions involving direct supervisory authority over other employees.

17.

At all times relevant hereto, Plaintiff witnessed Smith routinely, publicly, cruelly, and unreasonably berate employees at Dekalb Alternative School (including Plaintiff).

18.

Smith's antics created and fostered a hostile work environment at Dekalb Alternative School which became more and more unbearable over the years.

19.

Smith's tirades often included sexual and/or gender-based advances toward Plaintiff as well as race-based and color-based remarks about Plaintiff.

20.

Smith would be inappropriately inquisitive about Plaintiff's personal life and uncomfortably invasive in her attempts to garner information about Plaintiff's romantic endeavors.

21.

Smith would regularly kiss Plaintiff on his head, call Plaintiff "pet" names, and touch Plaintiff in suggestive ways including (but not only) at staff meetings and/or in the presence of other Dekalb Alternative School employees.

22.

On at least one occasion, a de-robed Smith coerced Plaintiff into changing Smith's diabetic patch against Plaintiff's will.

23.

Smith would also single out Plaintiff by requiring him to be at her personal beck and call and/or requiring Plaintiff to complete personal errands or missions for Smith.

24.

Smith would also taunt Plaintiff about the color of his underwear and even went as far as to tug Plaintiff's waistband away from Plaintiff's torso so Smith could see Plaintiff's undergarments.

25.

These and similar instances happened regularly, often in the presence of other employees including Plaintiff's subordinates.

26.

Smith often abused her supervisory authority, often resorting to punishing employees (including Plaintiff) according to her personal whims and retaliating against anyone who dated to speak up against her harsh treatment.

27.

For instance, if Plaintiff spoke out against Smith, Smith would respond by requiring Plaintiff to do extra work (sometimes under unreasonable deadline).

28.

Smith engaged in a decade-long campaign of discrimination, hostility, harassment, and retaliation, the highlights of which appear above but the entirety of which is impossible to detail herein.

29.

Smith's advances were unwanted and unwelcomed by Plaintiff.

30.

Smith's advances (and how Smith perceived Plaintiff's responses to them) were often connected to Plaintiff's work assignments and/or Smith's supervision of and/or decisions about Plaintiff as an employee.

31.

Smith's advances were intended to, and/or did, actually unreasonably interfere with Plaintiff's work performance.

32.

In August 2021, a formal report regarding Smith's maltreatment and harassment of Plaintiff was made to Defendant by a fellow employee and mandated reporter.

33.

This report triggered Defendant's formal internal grievance system.

34.

In January 2022 (six months after the internal grievance was initiated) having not heard from Defendant regarding the grievance, Plaintiff was forced to seek other means of redress and filed a Charge (No. 410-2022-02180) with the Equal Employment Opportunity Commission.

35.

Defendant failed to take reasonable steps to prevent or stop Smith's misconduct toward Plaintiff and other employees.

## CAUSES OF ACTION

36.

Plaintiff re-states and incorporates Paragraphs (1) through (35) above as if fully recited herein

37.

The Civil Rights Act of Rights Act of 1964, as codified, 42 U.S.C. §§2000e, prohibits discrimination based on race and skin color, harassment based on sex, and retaliation for participation in protected activities with regard to any aspect, term, or condition of employment.

38.

Defendant maintains at least 15 employees and, as such, falls within the employers covered by the statute.

39.

Plaintiff, an African American male, falls into the class of persons protected by Title VII.

40.

Plaintiff was qualified for his job and had been hired based on these qualifications.

41.

Plaintiff experienced disparate treatment due to her status as a light-skinned African American man.

42.

Plaintiff also experienced disparate treatment from his female supervisor due, in part, to his status as a male.

43.

Plaintiff brings this action race and skin color discrimination, sexual harassment, and retaliation under Title VII.

## DAMAGES

44.

Plaintiff re-states and incorporates Paragraphs (1) through (43) above as if fully recited herein.

45.

Plaintiff seeks compensatory damages of no less than $300,000 (fifty thousand dollars) and up to the maximum amount allowed by law.

46.

Such damages include but may not be limited to:

    a. back pay;

    b. front pay;

    c. lost benefits; and

    d. other pecuniary losses stemming directly from the wrongful conduct by Smith and allowed by Defendant.

47.

Defendants were wanton, reckless, intentional, and/or callous with respect to failure to address Smith's conduct and/or to respond to Plaintiff's and other employees' complaints regarding Smith.

48.

Thus, Plaintiff also seeks punitive damages in an amount to be determined by this Honorable Court and/or a jury of her peers.

49.

Defendants have also been stubbornly litigious.

50.

Plaintiff also requests that his attorney's fees, litigation costs, and other expenses be awarded for Defendants' stubborn litigiousness.

## PRAYER

51. Plaintiff prays:

    a. That this Complaint for Employment Discrimination be served upon the Defendant;

    b. That this matter be heard before a jury of his peers;

    c. That this Court issue judgment for Plaintiff's damages;

    d. That Plaintiff be compensated and made whole for the events forming the subject matter hereof;

e. That Plaintiff be awarded punitive damages for the callous and wanton conduct of the Defendants;

f. That Plaintiff be awarded his attorney's fees, litigation costs, and other expenses; and

g. That Plaintiff receive all other relief to which she is entitled under applicable law.

This 28th day of December, 2022

by: **WILLIAMS LEGAL GROUP, LLC**

*/s/ Raqketa Williams*

Raqketa D. Williams
Georgia Bar No. 591631
180 Interstate N Pkwy, Suite 510
Atlanta GA 30339
E-mail: raqketa@williams-legal-group.com
Fax: 762.212.4954
Phone: 770.575.0187
**ATTORNEY FOR PLAINTIFF**

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/29/2022

To: Dr. Quinton J. Morris
3837 Valley Bluff Lane
SNELLVILLE, GA 30039
Charge No: 410-2022-02180

EEOC Representative and email:   Nicole Diggs
Senior Federal Investigator
nicole.diggs@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2022-02180.

On behalf of the Commission,

Digitally Signed By:Darrell Graham
09/29/2022

Darrell Graham
District Director

Page **12** of **13**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this **Plaintiff's Complaint for Employment Discrimination** was forwarded to all known parties and/or their counsel, if known, in accordance with the applicable Rules of Civil Procedure.

                                            This 28th day of December, 2022

                                            by: **WILLIAMS LEGAL GROUP, LLC**

                                            _/s/ Raqketa Williams_

                                            Raqketa D. Williams
                                            Georgia Bar No. 591631
                                            180 Interstate N Pkwy, Suite 510
                                            Atlanta GA 30339
                                            E-mail: raqketa@williams-legal-group.com
                                            Fax: 762.212.4954
                                            Phone: 770.575.0187
                                            **ATTORNEY FOR PLAINTIFF**